IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ADOLFO C. GRADO,**

      **Plaintiff,**

vs.                                                     No. CV 02-1217 WDS

**JOANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing filed on June 25, 2003. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits. The Court, having considered Plaintiff's Motion [docket #14] and Memorandum Brief [docket #15], Defendant's Response [docket #16], Plaintiff's Reply [docket #17][, the administrative record and applicable law, finds that Plaintiffs Motion should be **GRANTED IN PART** and should be remanded to the Commissioner for further proceedings in accordance with this Memorandum Opinion and Order.

**I.  Background**

      Plaintiff, who was born on April 10, 1954, first applied for Social Security Disability Insurance Benefits ("DIB") on June 22, 1994. Tr. 32. In a decision dated December 13, 1995, an Administrative Law Judge ("ALJ") found that Plaintiff was entitled to DIB benefits as of June 17, 1994. Tr. 135-37. However, on March 26, 1998, following a Congressional amendment to the Social Security Act, the Commissioner found that Plaintiff's benefits should cease effective January

1, 1997, because alcohol abuse was material to a finding that Plaintiff was disabled. Tr. 19 - 25. The Appeals Council denied Plaintiff's Request for Review on November 19, 1999. Tr. 5 - 6.

On January 28, 2000, Plaintiff appealed to the United States District Court. Tr. 276- 77. United States District Court Judge John E. Conway ordered that the matter be remanded, with special instructions to the ALJ. Tr. 279. On remand, a second denial was issued by an ALJ on May 9, 2002 (Tr. 228 - 35). The Appeals Council denied Plaintiff's request for review on August 8, 2002 (Tr. 222 - 23), and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner").

On September 27, 2002, Plaintiff filed this action for judicial review of the Commissioner's final decision [docket #1]. After consent by the parties, this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(c) on March 26, 2003  [docket # 11].

## II.  Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir. 1993).  In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala,* 43 F.3d 1392, 1395 (10th Cir. 1994).  Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.*  However, evidence is not substantial if it is

overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.* The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### III.  Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 233.  The ALJ found at step two that Plaintiff has an impairment or a combination of impairments considered "severe" based on the requirements of 20 C.F.R. §404.1520(b), but found at step three that Plaintiff's impairments are not severe enough to meet any of the Listings. Tr. 233-34.  At step four, the ALJ concluded that Plaintiff retains the RFC to perform a limited range of light work. Tr. 234.  Given this RFC assessment, the ALJ found that Plaintiff cannot perform his past relevant work. *Id.*.  However, at step five the ALJ concluded that there are a significant number of jobs in the national economy that Plaintiff can perform. *Id*.  Plaintiff contends that the ALJ erred at step five.

### IV.  Discussion

The very narrow issue before this Court is whether the ALJ erred at Step Five of his analysis when he found that there are "a significant number of jobs in the national economy that [Plaintiff] could perform.  Examples of such jobs include light, unskilled work as Laundry Folder and Parking Lot Attendant." Tr. 234.  Plaintiff argues that his restrictions prevent him from performing the work of a Laundry Folder and further, that there are not a significant number of jobs available as either a Laundry Sorter or a Parking Lot Attendant.

The Plaintiff argues that Defendant conceded that he could not perform the job of Laundry Folder.  Although this Court may not go as far as to agree that Defendant conceded this particular issue, Defendant clearly did not set forth any argument disagreeing to any great extent with Plaintiff. Plaintiff argues that as the job of Laundry Folder requires frequent stooping (Dictionary of Occupational Titles, Fourth Edition, Revised 1991, ¶361.587-010) and that the ALJ made a finding

that he could only stoop occasionally (Tr. 232), the job of Laundry Folder is not available to him. This Court would agree.

However, this Court must still address the job of Parking Lot Attendant and whether or not there are a significant number of jobs available. At Plaintiff's second hearing, conducted on March 13, 2002, a vocational expert testified that there are 40,500 jobs available for laundry folders in the national economy and 330 jobs in New Mexico. Tr. 269. As to Parking Lot Attendants, she testified that there are 63,000 jobs in the national economy and 130 jobs in New Mexico. Tr. 270. Based on this testimony, the ALJ concluded that the jobs of Laundry Folder and Parking Lot Attendant exist in significant numbers in the national economy. Tr. 232, 234.

20 C.F.R. §404.1560(c) provides that a claimant will not be found disabled if he can perform work that exists in significant numbers in the national economy. Work which exists in the national is defined at 20 C.F.R. §404.1566 as follows:

> (a) General. We consider that work exists in the national economy when it exists in significant numbers either in the region where you live or in several other regions of the country. It does not matter whether –
> (1) Work exists in the immediate area in which you live;
> (2) A specific job vacancy exists for you; or
> (3) You would be hired if you applied for work.

The Tenth Circuit has never drawn a bright line establishing the number of jobs necessary to constitute a "significant number," believing that each case should be evaluated on its individual merits. *Trimiar v. Sullivan, M.D.,* 966 F.2d 1326, 1330 (10th Cir. 1992). It has, however, adopted several factors from the Eighth Circuit that should go into this analysis:

> A judge should consider many criteria in determining whether work exists in significant numbers, some of which might include: the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of traveling to engage in the assigned work; the isolated nature of the jobs; the types and

availability of such work, and so on.

*Trimiar* 966 F.2d at 1330 (quoting *Jenkins v. Bowen*, 861 F.2d 1083, 1087 (8th Cir. 1988), further quotations omitted).  Because the ALJ's analysis of this issue is sparse to begin with, it is not possible for this Court to make a determination as to whether the elimination of the Laundry Folder job would change the ALJ's conclusion that a significant number of jobs are available to Plaintiff.  This Court cannot re-weigh the evidence or substitute its judgment for that of the Commissioner.  *Hargis v. Sullivan,* 945 F.2d 1482, 1486 (10th Cir. 1991).  Accordingly, this case will be remanded for specific findings by the ALJ regarding whether or not there are a significant number of jobs available to the Plaintiff as a Parking Lot Attendant, specifically taking into account the fact that Plaintiff lives in the small community of Deming, New Mexico and the other factors articulated by the *Trimiar* court.

## V.  Conclusion

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for Payment of Benefits, or in the Alternative, for a Rehearing is hereby **GRANTED IN PART** in accordance with this decision and shall be remanded back to the Commissioner for further findings.

                                                                       **W. DANIEL SCHNEIDER**
                                                                       United States Magistrate Judge